IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE CONOCOPHILLIPS            :    C.A. No. 11-686-LPS-SRF
DERIVATIVE LITIGATION           :    (Consolidated Action)
                                :

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Sherry R. Fallon issued a Report and Recommendation (D.I. 62) ("the Report") recommending that the Court grant the motion to dismiss (D.I. 42) filed by James J. Mulva, Kenneth M. Duberstein, Ruth R. Harkin, Harold W. McGraw III, Robert A. Niblock, Harald J. Norvik, William K. Reilly, Victoria J. Tschinkel, Kathryn C. Turner, William E. Wade Jr., Richard L. Armitage, Richard H. Auchinleck, James E. Copeland Jr., Willie C.W. Chiang, Greg C. Garland, Alan J. Hirschberg, Ryan M. Lance, and ConocoPhillips (collectively, the "Defendants");

WHEREAS, Plaintiffs Robert Freedman and Patricia Swords ("Plaintiffs") filed objections to the Report on June 30, 2014 (D.I. 66) ("Objections");

WHEREAS, Defendants responded to the Objections on September 12, 2014 (D.I. 67);

WHEREAS, the Court has reviewed the Report *de novo*, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3);

NOW, THEREFORE, IT IS HEREBY ORDERED that the Objections are OVERRULED and the Report is ADOPTED.

1.  Magistrate Judge Fallon recommended granting Defendants' motion to dismiss because Plaintiffs failed to satisfy the demand requirement, which is a prerequisite to his derivative suit. (*See* Report at 10; *see also* Fed. R. Civ. Proc. 23.1) Judge Fallon relied on the

1

Delaware Supreme Court's decision in *Aronson v. Lewis*, 473 A.2d 805 (Del. 1984), *overruled in part on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del. 2000). Under *Aronson*, whether demand is required is based on:

> [t]wo related but distinct questions: (1) whether threshold presumptions of director disinterest or independence are rebutted by well-pleaded facts; and, if not, (2) whether the complaint pleads particularized facts sufficient to create a reasonable doubt that the challenged transaction was the product of a valid exercise of business judgment.

*Levine v. Smith*, 591 A.2d 194, 205 (Del. 1991), *overruled in part on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del. 2000). Demand is excused if either condition is satisfied. *See In re J.P. Morgan Chase & Co. S'holder Litig.*, 906 A.2d 808, 820 (Del. Ch. 2005).

2. The Report concluded that the Defendant directors are disinterested and independent because they have no financial interest in compensation awards to executives under the ConocoPhillips 2011 Omnibus Stock and Performance Incentive Plan (the "2011 Plan"). (Report at 7) In addition, the Report stated that the business judgment rule applied because Plaintiff failed to allege a material misstatement or omission in the proxy statement distributed to ConocoPhillips' shareholders in preparation for the annual meeting held on May 11, 2011 (the "Proxy Statement") constituting a disclosure violation. (*Id.* at 8-9) Finally, even if the requisite misstatement or omission was adequately alleged in the Complaint, the Report found that the business judgment rule still applies because Plaintiffs did not allege that the directors made a knowing and intentional decision to violate the terms of the 2011 Plan. (*Id.* at 10)

3. The Court agrees with the Report that Plaintiffs only challenge the compensation of executives, not compensation of the Defendant directors themselves. Plaintiffs argue that in this respect the Report misidentifies the challenged transaction. (Objections at 2) Specifically,

Plaintiffs contend that their Complaint challenges the non-tax-deductibility of compensation under the entire 2011 Plan, including compensation to directors that allegedly far exceeded usual and customary directors' fees. (*Id.* at 2-3) Defendants respond that Plaintiffs are trying to recharacterize the Complaint to include the compensation of directors under the 2011 Plan. (D.I. 67 at 5) As Defendants correctly state, the Complaint repeatedly refers to executive compensation (*e.g.*, D.I. 1 at ¶ 19) ("Wrongful Acts and Omissions") and specifically seeks relief with respect to executive compensation (*e.g.*, *id.* at ¶¶ 61, 56). By contrast, the Complaint fails to refer even once to director compensation. (*See* D.I. 67 at 5) ("Plaintiffs' claims relate only to their highly speculative assertion that certain executive compensation – in which only one of the thirteen directors has any interest – will not be tax deductible, and that the disclosure relating to the 2011 Plan was therefore misleading.") Thus, the Complaint fails to allege that the director Defendants were interested in a manner that would excuse demand. (*See also id.* at 5-6 n.4) (addressing directors' fees argument)[1]

4. Nor have Plaintiffs shown that demand is excused based on *Aronson*'s second prong. For this contention, Plaintiffs rely on their nondisclosure claims. To adequately plead a proxy statement nondisclosure claim, a complaint must allege with particularity "which disclosures were misleading, when the Company was obligated to make disclosures, what specifically the [c]ompany was obligated to disclose, and how the [c]ompany failed to do so." *In re Citigroup Inc. S'holder Derivative Litig.*, 964 A.2d 106, 133 (Del. Ch. 2009). Plaintiff relies on the portion of the Proxy Statement which states that the purpose of the vote is to "preserve our

---

[1] Directors are "interested" when divided loyalties are present and when a director will financially benefit from a transaction more than shareholders. *See Blasband v. Rales*, 971.2d 1034, 1048 (3d Cir. 1992).

3

ability to fully deduct performance-based awards under the 2011 Plan under section 162(m) of the Internal Revenue Code for a five-year period." (D.I. 43, ex. A at 82; *see also* D.I. 1 at ¶ 11) However, the Proxy Statement addresses the potential tax deductibility of compensation as a consideration for the Directors when they award compensation. (D.I. 43, ex. A at 86) ("[T]he Compensation Committee may award compensation that is or may become non-deductible, and expects to consider whether it believes such grants are in the best interest of the Company, balancing tax efficiency with long-term strategic objectives.") Therefore, Plaintiffs have again failed to plead demand futility, as the Complaint does not contain "particularized facts that 'create a reasonable doubt that, as of the time the complaint is filed, the board of directors could have properly exercised its independent and disinterested judgment in responding to a demand.'" *In re Citigroup Inc. S'holder Derivative Litig.*, 964 at 120 (quoting *Rales*, 634 A.2d at 934).

Accordingly, IT IS FURTHER ORDERED that the motion to dismiss (D.I. 42) is GRANTED. The Clerk of Court is directed to CLOSE this case.

December 30, 2014
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

4